Filed 8/20/25  P. v. James CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY JEROME JAMES,<br><br>    Defendant and Appellant. | B340384<br><br>Los Angeles County<br>Super. Ct. No. BA455600 |

APPEAL from an order of the Superior Court of Los Angeles County, Deborah S. Brazil, Judge. Affirmed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Anthony Jerome James appeals the superior court's denial of his petition for relief under former Penal Code section 1170.95 (current Penal Code section 1172.6).[1]  Finding no error, we affirm.

Section 1172.6 provides relief for certain individuals convicted of attempted murder under an imputed-malice theory of liability.  The trial court concluded that because the jury at James's attempted murder trial was never instructed on the natural and probable consequences doctrine or any other form of imputed-malice theory of liability, the record of conviction demonstrates as a matter of law that James is ineligible for section 1172.6 relief.  It therefore denied James's petition.

On appeal, James contends he was entitled to section 1172.6 relief.  After we appointed appellate counsel, appellate counsel filed a brief identifying no arguable issues in the trial court's ruling and requesting discretionary independent review of the record under *People v. Delgadillo* (2022) 14 Cal.5th 216.  James then filed a supplemental brief on his own behalf.

If, as here, appellate counsel finds no arguable issues exist in a postconviction appeal from the denial of a section 1172.6 petition, this court need not independently review the record.  (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.)  And if, as here, the defendant subsequently files a supplemental brief, this court need evaluate only the arguments presented in that brief.  (*Ibid*.)

Turning to those arguments, James's supplemental brief asks this court to conclude that his attempted murder conviction was barred by double jeopardy principles.  He also contends that

---

[1]     All undesignated statutory references are to the Penal Code.

the prosecutor and judge at his trial improperly suppressed exculpatory evidence in violation of *Brady v. Maryland* (1963) 373 U.S. 83. These arguments fall outside section 1172.6. James's concerns about his underlying conviction may not be raised in this appeal from a denial of a section 1172.6 petition. (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["The mere filing of a [prior] section 1170.95 petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings"].) Accordingly, James's arguments do not provide a basis for reversal. We affirm on that basis.[2]

Although we are not required to, we have also exercised our discretion to independently review the record. (See *People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.) The limited record before us does not, however, contain the jury instructions from James's attempted murder trial. We therefore take judicial notice of the record in James's direct appeal (case number B292238), which contains those jury instructions. (Evid. Code, § 452, subd. (d).) Having reviewed the jury instructions, we conclude that the trial court was correct in denying James section 1172.6 relief as a matter of law. As the trial court noted in denying relief, the jury was never instructed on any imputed-malice theory of liability. Rather, the jury was instructed that in order to convict James of attempted murder, it was required to find that he intended to kill the victim. On this record, it is clear

---

[2]     Although James cannot raise his double jeopardy argument in this appeal, we do note, for purposes of clarifying this issue for James, that he raised the same double jeopardy argument in his direct appeal, and we analyzed and rejected it on the merits. (*People v. James* (Dec. 30, 2019, B292238) [nonpub. opn.].)

that the jury could not have convicted James of imputed-malice attempted murder, and he is therefore prima facie ineligible for section 1172.6 relief.

## DISPOSITION

We affirm the order denying James section 1172.6 relief.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


TAMZARIAN, J.

We concur:


ZUKIN, P. J.


MORI, J.

4